CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 10 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY WHITEBEY, A.K.A. JEFFREY WHITE, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, OCTAVIA JOHNSON, SHERIFF, <br><br> Respondent. | Case No. 7:10CV00051 <br><br> MEMORANDUM OPINION <br><br> By: Glen E. Conrad <br> United States District Judge |

Petitioner Jeffrey White,[1] a Virginia inmate proceeding pro se, submitted this action as a petition for a writ of habeas corpus, and the court construed and filed it as a petition seeking relief under 28 U.S.C. § 2254. White alleges that the respondents have held him in the Roanoke City Jail ("the jail") past the expiration of his sentence and that during his incarceration, they failed to protect him against inmate assault. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice.

## Background

White's petition does not include many details. First, he states that he has been confined at the jail since June 25, 2009, that he finished serving his sentence on January 14, 2010, and that the respondents have failed to release him. He seeks $100 in monetary damages for each day that he has been wrongfully confined.

Second, White states that on January 12, 2010, other inmates at the jail attacked him He says that before the attack, he asked repeatedly to be taken out of the general population because

---

[1] The petition states that Jeffrey Whitebey brings this action on behalf of Jeffrey White. Therefore, the court will refer to the petitioner as "White."

of his health problems, but officials refused.[2] White seeks to recover money damages under the "protected custody act."

## Discussion

Under § 2254, the district court may grant habeas relief to a person in custody under the judgment of a state court who demonstrates that his confinement pursuant to that judgment is in violation of the Constitution or laws of the United States. § 2254(a). However, § 2254(b) prohibits a federal court from granting habeas relief unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

To the extent that White's purpose in pursing this petition is to obtain his release from confinement, his petition must be summarily dismissed. He offers no indication whatsoever that he has presented his wrongful confinement claim to the appropriate state courts, as required under § 2254(b). Indeed, the timing of his petition—post-marked on January 28, 2010, only two weeks after his criminal sentence allegedly expired—indicates that White cannot yet have pursued remedies in state court as to his claim that he is now being wrongfully confined. Thus, the court must dismiss his § 2254 petition without prejudice to allow him an opportunity to present his claim to the state court.

As stated, White also presents claims for monetary damages, for allegedly being held past the expiration of his sentence and for jail officials' alleged failure to protect him from assault by other inmates. Claims of this nature may be pursued in a civil rights action, pursuant to 42 U.S.C. § 1983. It is clear from the face of White's pleading, however, that neither of these

---

[2] White alleges that he has a "major heart problem" and takes several medications.

claims is currently actionable under § 1983. The claim for damages, based on his alleged wrongful confinement past the expiration of his sentence, will not accrue until White proves that a court or other appropriate entity has ruled that his incarceration during the challenged period was invalid. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (finding that § 1983 action cannot proceed if judgment in favor of prisoner would necessarily imply the invalidity of his conviction or sentence). White's claim for damages against jail officials for failing to protect him also appears to be premature, because he has not had time to exhaust administrative remedies regarding the January 12, 2010 assault. See 42 U.S.C. § 1997e(a) (providing that prisoner may not bring civil action concerning jail conditions before exhaustion of available administrative remedies); Woodford v. Ngo, 548 U.S. 81, 84 (2006) (requiring "proper" exhaustion of administrative remedies).

Because neither of plaintiff's claims for monetary damages appears to be ripe for consideration under § 1983, the court will not construe his current pleading as a civil rights action under § 1983. Instead, the court will dismiss the entire petition without prejudice, leaving White free to refile his claims for damages in a separate civil action, once they are ripe to be addressed.

## Conclusion

For the stated reasons, the court concludes that this action, filed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, must be dismissed without prejudice for failure to demonstrate exhaustion of state court remedies. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 8th day of February, 2010.

*[signature]*
United States District Judge